IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTINE PORTER,

                                ORDER

               Plaintiff,

                             11-cv-408-bbc

      v.

EUGENE RICHARDSON,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action, plaintiff Christine Porter, proceeding pro se, alleges that defendant Eugene Richardson sexually and mentally abused her from 1998 through 2006, while she rented a room from him.  Plaintiff has asked for leave to proceed in forma pauperis and I have already concluded that she presently has no means with which to pay an initial partial payment of the $350 fee for filing her complaint.  The next step is determining whether plaintiff's proposed complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Having reviewed the complaint, I conclude that plaintiff's allegations violate Fed. R. Civ. P.  8 and will give plaintiff a chance to more fully develop her claims.

1

DISCUSSION

Plaintiff alleges that from 1998 to 2006, she rented part of a house from defendant Eugene Richardson, and that during that time, he sexually and mentally abused her.  She states that she "would like to recover compensation for his abuse and discrimination," but does not describe what discrimination she suffered apart from the abuse.  At this point it is unclear whether this court can exercise jurisdiction over her claims.

Generally, a federal court may exercise jurisdiction over a case in one of two situations: (1) the plaintiff brings a claim that arises under federal law, 28 U.S.C. § 1331; or (2) the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000.  28 U.S.C. § 1332.

To the extent that plaintiff seeks to bring state law claims such as battery and intentional infliction of emotional distress, plaintiff fails to show that this court can exercise diversity jurisdiction over the claims.  Although she notes that she and defendant currently reside in different states, she does not allege that the parties are *citizens* of different states, and in any case, she is seeking only $25,000 in damages, which is below the $75,000 minimum amount required for diversity jurisdiction.

In addition, it seems that plaintiff may be trying to bring federal claims under the Fair Housing Act, 42 U.S.C. §§ 3601-3631.  The Court of Appeals for the Seventh Circuit has recognized that sexual harassment in the housing context can violate the Fair Housing Act. See, e.g., DiCenso v. Cisneros, 96 F.3d 1004, 1008 (7th Cir. 1996).  There are numerous theories under which a tenant might bring a claim under the Fair Housing Act.  For instance,

§ 3604(a) makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Section 3604(b) makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." The court of appeals has stated that either of these provisions might apply to a case where a tenant has been "constructively evicted" from housing as a result of discriminatory actions by a landlord. Bloch v. Frischholz, 587 F.3d 771, 776, 779 (7th Cir. 2009). In addition, 42 U.S.C. § 3617 makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of" the Fair Housing Act.

However, at this point, it is unclear which of these provisions might apply to plaintiff because her allegations are so threadbare. Fed. R. Civ. P. 8(a)(2), requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Although sexual assault could constitute sexual harassment that violates the Fair Housing Act, plaintiff does not describe whether any housing decisions were made by her or defendant in conjunction with the alleged assaults. Did plaintiff feel forced to leave her rental? Did defendant evict her? Did defendant refuse to renew her lease?

Before I can determine what claim or claims plaintiff may bring under the Fair Housing Act, she must provide more information about what happened to her in an amended complaint. She will have until August 10, 2011 to submit an amended complaint. In drafting her amended complaint, she should write it as if she were telling a story to people who know nothing about her situation. Someone reading the complaint should be able to answer the following questions:

• What are the *facts* that form the basis for plaintiff's claims?

• What housing decisions did plaintiff or defendant make in conjunction with the alleged abuse?

Upon receiving plaintiff's amended complaint, I will screen her allegations under 28 U.S.C. § 1915(e)(2)(B) to determining which Fair Housing Act claims might apply, as well as any potential state law claims that might be considered under supplemental jurisdiction.

ORDER

IT IS ORDERED that plaintiff Christine Porter's complaint in this action, dkt. #1, is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until August 10, 2011 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by that date, the clerk of court is

directed to close the case.

Entered this 19th day of July, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge